# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THEODORE BENDER | ) |
| | ) |
| Plaintiff, | ) Civil Action Number: |
| | ) |
| | ) |
| | ) |
| SUBCONTRACTING CONCEPTS LLC, | ) Jury Trial Demanded |
| a Foreign Limited Liability Company and | ) |
| AUTO TECH SOLUTIONS CORP. a | ) |
| Georgia Domestic Profit Corporation, and | ) |
| and JOHN DOE I and JOHN DOE II, | ) |
| Individual Managers of | ) |
| SUBCONTRACTING CONCEPTS LLC | ) |
| and JOHN DOE III and JOHN DOE IV, | ) |
| Individual Managers of AUTO TECH | ) |
| SOLUTIONS CORP. | ) |
| | ) |
| Defendants. | ) |

## FAIR LABOR STANDARDS OVERTIME COMPLAINT

COMES NOW Plaintiff Theodore Bender (hereinafter "Plaintiff" or "Bender"), by and through his undersigned counsel, and files this lawsuit against Defendants Subcontracting Concepts LLC (hereinafter "SCI") and JOHN DOE I and JOHN DOE II, individuals who operate and manage SCI and Auto Tech Solutions Corp. (hereinafter "ATS") and JOHN DOE III and JOHN DOE IV, individuals who operate and manage ATS (collectively "Defendants") pursuant to § 216(b) of the

Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff of his lawful overtime wages.

2. Defendants employed Plaintiff as a deliveryman.

3. During the time relevant this action ("Liability Period"), Defendants improperly classified Plaintiff as an independent contractor rather than as an employee.

4. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate him at the legally appropriate overtime rate for hours worked in excess of forty hours in a given workweek.

5. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

8. Plaintiff Bender resides in Tucker, DeKalb County, Georgia (within this District).

9. At all times material to this action, Bender was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, engaged in interstate commerce, and worked for Defendants within the territory of the United States. Plaintiff is further covered by §§ 203, 206, and 207 of the FLSA for the period in which he was employed by Defendants.

10. Defendants conduct business within this State and District.

11. Defendant SUBCONTRACTING CONCEPTS LLC ("SCI") is a Delaware corporation which has its principal place of business in Warren County,

New York, and is subject to the requirements of the FLSA. SCI conducts business in Gwinnett County, Georgia.

12. Defendant SCI is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, CT CORPORATION SYSTEM, 1201 PEACHTREE STREET, N.E., Fulton, Atlanta, GA, 30361, USA.

13. Defendants JOHN DOE I and JOHN DOE II are individuals employed by SCI conducting business in Gwinnett County, Georgia and are responsible, in concert with ATS, and JOHN DOE III and JOHN DOE IV for the decisions that deprive Plaintiff, from receiving overtime compensation in accordance with the FLSA.

14. Defendant AUTO TECH SOLUTIONS CORP. is a Georgia corporation which has its principal office place at 225 Peachtree Street, #1100, Atlanta, GA, 30303, USA, and is subject to the requirements of the FLSA. ATS conducts business in Gwinnett County, Georgia.

15. Defendant ATS is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Carsten Alting, 191 Peachtree Street, #2900, Fulton, Atlanta, GA, 30303, USA

16. Defendants JOHN DOE III and JOHN DOE IV are individuals employed by ATS conducting business in Gwinnett County, Georgia and are responsible, in concert with SCI and JOHN DOE I and JOHN DOE II, and ATS for the decisions that deprive Plaintiff, from receiving overtime compensation in accordance with the FLSA.

17. At all times material to this action, SCI was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

18. At all times material to this action, ATS was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

19. At all times material to this action, Defendants were "employers" of Plaintiff as defined by § 203(d) of the FLSA.

20. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

21. At all times material to this action, Plaintiff was an employee of Defendants engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA.

## FACTUAL ALLEGATIONS

22. SCI contracts with ATS to supply drivers, including Plaintiff, to deliver auto parts to auto repair shops.

23. Plaintiff was required to complete various forms provided by SCI falsely indicating that he was an independent contractor.

24. Plaintiff was paid weekly by SCI varying amounts depending upon the number of hours worked after SCI first deducted an SCI "Admin Fee" and an SCI "Program Fee (P) Courier."

25. Plaintiff was assigned to work from Defendant ATS' location at 352 Swanson Drive, Lawrenceville, Georgia, 30043 ("ATS Lawrenceville Location") by a Bryan Simon of SCI who hired Plaintiff and had him complete a drug test among other pre-hire requirements.

26. Ms. Charlotte Letham, the only ATS employee at the ATS Lawrenceville Location, managed said facility and managed Plaintiff and the other similarly SCI supplied drivers.

27. Plaintiff was required by SCI and ATS to work six days per week (8:00 am to 5:30 pm Monday thru Friday, and 8:00 am to 3:00 pm on Saturdays).

28. Plaintiff was required during those work hours to remain at the ATS Lawrenceville Location for Ms. Letham to provide him with work assignments including auto parts packages to deliver to auto repair businesses.

29. At times Ms. Letham also gave Plaintiff ATS invoices for delivery.

30. At times Ms. Letham required Plaintiff to collect payments from auto repair shops in the form of cash or check.

31. At times Ms. Letham required Plaintiff to perform other work duties at the ATS Lawrenceville Location such as putting away deliveries onto shelves.

32. Should Plaintiff want a day off, he had to get prior approval from both SCI by contacting Steve Tobin and ATS by contacting Ms. Letham.

33. If Plaintiff was late reporting for work, he would get a phone call from Ms. Letham, asking where he was.

34. Ms. Letham of ATS would keep track of Plaintiff's hours worked.

35. Plaintiff was required to telephonically stay in touch with Ms. Letham when he was out making deliveries.

36. Ms. Letham would tell Plaintiff when he was to take his lunch break.

37. If a driver was a no-show to work, Ms. Letham would call and let Steve Tobin of SCI know.

38. Plaintiff never rejected making a requested delivery as he did not believe he was allowed to.

39. Plaintiff also related to Ms. Letham's boss "Chris" and with Kevin Hudgins, a salesman for ATS on various other ATS issues.

40. Defendants employed Plaintiff between on or about September, 2014 thru the present as a delivery driver.

41. Defendants improperly treated Plaintiff as an independent contractor, when he should have been treated as an employee.

42. Plaintiff's duties while employed by Defendants were such that they did not satisfy the requirements of any of the exemptions set forth in the FLSA or its attendant regulations.

43. Plaintiff worked in excess of forty (40) hours a workweek while employed by Defendants.

44. Despite regularly working in excess of forty (40) hours a workweek, Plaintiff did not receive overtime compensation for such overtime hours as required under the FLSA.

45. At all times relevant to this action, Defendants did not compensate Plaintiff for hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he was employed.

46. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

47. Defendants failed to meet the requirements for paying Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed, at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

48. Plaintiff is entitled to compensation for any and all time worked in excess of forty hours per week at the rate of at least one and one-half times his regular rate at which he was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

49. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

50. As a result of Defendants' failure to act with good faith in compensating Plaintiff, he is entitled to liquidated damages.

51. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

52. Plaintiff demands a jury trial.

## COUNT I

53. Plaintiff repeats and incorporates by reference all preceding Paragraphs herein.

54. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203 and 207 of the FLSA.

55. Defendants have not made a good faith effort to comply with the FLSA with respect to their overtime compensation of Plaintiff.

56. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime compensation in accordance with §§ 203 and 207 of the FLSA.

57. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to

recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 29th day of December, 2016.


MARTIN & MARTIN, LLP

By: /s/ Th*omas F. Martin*
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595

Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
770-344-7267